# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN DEON TURNER, JR., | Case No. 1:19-cv-01620-DAD-BAM (PC) |
| Plaintiff, | SCREENING ORDER GRANTING PLAINTIFF LEAVE TO FILE AMENDED COMPLAINT |
| v. | |
| R. SALORIO, et al., | (ECF No. 1) |
| Defendants. | **THIRTY-DAY DEADLINE** |

Plaintiff Steven Deon Turner, Jr. ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action under 42 U.S.C. § 1983. Plaintiff's complaint, filed on November 8, 2019, is currently before the Court for screening. (ECF No. 1.)

**I.  Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b).

1

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss, 572 F.3d at 969.

## II.     Plaintiff's Allegations

Plaintiff is currently housed at the California Correctional Institution in Tehachapi, California, where the events in the complaint are alleged to have occurred. Plaintiff names the following defendants in their individual and official capacities: (1) Correctional Officer R. Salorio; and (2) Mail Room Staff E. Atencio.

In Claim I, Plaintiff alleges that on October 13, 2019, he turned in confidential mail addressed to Alex Padilla, Secretary of State, with a proof of service attached in the form of a Form 22. The Form 22 was signed by Defendant Salorio, confirming that Plaintiff was sending "confidential/legal mail" to Alex Padilla. Plaintiff explains that the mail addressed to Alex Padilla was a request for the production of documents demanding the official bonds of William Joe Sullivan, A. Gray, R. Martin, M. Munoz, D. Johnson, A. Gomez, C. Butler, J. Busby, S. Snyder, K. Hosey, and M. Boutte. On October 23, 2019, Defendant E. Atencio sent Plaintiff an outgoing legal mail log, with a 22 form attached, showing that Plaintiff's mail addressed to Alex Padilla never left the institution. Plaintiff claims that Defendant Salorio is guilty of mail theft and mail fraud. Plaintiff further claims that Defendant Salorio breached his contract/oath by stealing

Plaintiff's legal mail addressed to the Secretary of State and should be punished according to 18 U.S.C. §§ 241 and 242.

In Claim II, Plaintiff alleges that on October 17, 2019, Defendant Atencio opened Plaintiff's legal mail outside of Plaintiff's presence. Plaintiff asserts that the letter came from CAIR Council on American Islamic Relations. Defendant Atencio cannot explain why he opened Plaintiff's mail outside of Plaintiff's presence because "on the back of the envelope it has 'LEGAL' twice." (ECF No. 1 at 6.) Plaintiff claims that Defendant Atencio's actions were not in error because the notice was on the envelope before Defendant Atencio opened it. Plaintiff claims that Defendant Atencio breached his contract/oath by violation the Bill of Rights and opening Plaintiff's legal mail outside of Plaintiff's presence.

In Claim III, Plaintiff alleges that Defendants Salorio and Atencio are guilty of violating the Constitution as it applies to the oath of office, the operational manual and the law enforcement code of ethics/peace officer's oath. Plaintiff further alleges that defendants and the institution have maintained a pattern and consistent disregard of his right to petition the government for redress of grievances and should be punished.

As relief, Plaintiff seeks declaratory and injunctive relief, punishment of defendants, and compensatory and punitive damages.

**III.    Discussion**

**A. Exhaustion of Administrative Remedies**

Section 1997e(a) of the Prison Litigation Reform Act of 1995 ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. Jones v. Bock, 549 U.S. 199, 211 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741 (2001), and the exhaustion requirement applies to all prisoner suits relating to prison life, Porter v. Nussle, 534 U.S. 516, 532 (2002).

"[T]o properly exhaust administrative remedies prisoners 'must complete the administrative review process in accordance with the applicable procedural rules,' [ ]—rules that are defined not by the PLRA, but by the prison grievance process itself." Jones, 549 U.S. at 218 (quoting Woodford v. Ngo, 548 U.S. 81, 88 (2006)). The State of California provides its prisoners the right to appeal administratively "any policy, decision, action, condition, or omission by the department or its staff that the inmate or parolee can demonstrate as having a material adverse effect upon his or her health, safety, or welfare." Cal. Code Regs. tit. 15 § 3084.1(a). The process is initiated by submitting a CDCR Form 602 ("602 form"). Id. at § 3084.2(a). Three levels of appeal are involved, including the first level, second level, and third level. Id. at § 3084.7. The third level of review exhausts administrative remedies. Id. at § 3084.7(d)(3).

In this case, Plaintiff neither alleges exhaustion of administrative remedies nor provides evidence of exhaustion as to his claims. If Plaintiff elects to amend his complaint, he must allege whether he properly exhausted his claims or was otherwise excused from the mandatory exhaustion requirement. If the Court concludes that Plaintiff has failed to exhaust available remedies, the proper remedy is dismissal without prejudice of the portions of the complaint barred by § 1997e(a). See Jones, 549 U.S. at 223-24; Lira v. Herrera, 427 F.3d 1164, 1175-76 (9th Cir. 2005).

### B. Outgoing Mail

Plaintiff appears to allege that Defendant Salorio interfered with his outgoing mail on one occasion. Prison inmates enjoy a First Amendment right to send and receive mail. Witherow v. Paff, 52 F.3d 264, 265 (9th Cir. 1995). However, a temporary delay or isolated incident of mail interference is usually insufficient to establish a constitutional violation. See Crofton v. Roe, 170 F.3d 957, 961 (9th Cir. 1999); Zaiza v. Tamplen, No. 2:15–cv–0447–KJM–EFB P, 2016 WL 2930877, at *4 (E.D. Cal. May 19, 2016) ("An isolated incident of mail interference or tampering is usually insufficient to establish a constitutional violation."). Plaintiff's allegations that Defendant Salorio interfered with Plaintiff's outgoing mail on one occasion are not sufficient to state a cognizable claim.

///

4

### C. Legal Mail

Plaintiff alleges that Defendant Atencio opened Plaintiff's legal mail outside of Plaintiff's presence on one occasion. "[P]risoners have a protected First Amendment interest in having properly marked legal mail opened only in their presence." Hayes v. Idaho Corr. Ctr., 849 F.3d 1204, 1211 (9th Cir. 2017) (concluding the protected First Amendment interest extends to civil legal mail). Consistent with the First Amendment, prison officials may (1) require that mail from attorneys be identified as such and (2) open such correspondence in the presence of the prisoner for visual inspection. See Wolff v. McDonnell, 418 U.S. 539, 576–77 (1974).

As with Plaintiff's claim involving Defendant Salorio, Plaintiff has not alleged that the event involving Defendant Atencio was anything more than an isolated incident, which is insufficient to state a constitutional claim. Further, according exhibits attached to the complaint, the envelope at issue was stamped as "OPENED IN ERROR IN C.C.I. MAILROOM." (ECF No. 1 at 13.) An unintentional violation amounts at most to negligence, which does not give rise to constitutional claims under § 1983. Stevenson v. Koskey, 877 F.2d 1435, 1440-41 (9th Cir. 1989); see also Watkins v. Curry, No. C 10-2539 SI (pr), 2011 WL 5079532, at *3 (N.D. Cal. Oct. 25, 2011) ("Absent evidence of a broader plan or course of conduct to censor plaintiff's mail unconstitutionally, an honest error by prison officials does not justify relief under § 1983). Further, it appears that the mail was returned to Plaintiff and it unclear what, if any, harm occurred. Accordingly, Plaintiff fails to state a cognizable claim for relief against Defendant Atencio.

### D. Criminal Prosecution

Plaintiff appears to seek referral of defendants for criminal prosecution for alleged violations of 18 U.S.C. §§ 241 and 242. However, sections 241 and 242 "do not provide for a private right of action." Ray, Jr. v. Friedlander, No. C 10-1107 SI (pr), 2010 WL 3464453, at *1 (N.D. Cal. Sept. 1, 2010) (citing Peabody v. United States, 394 F.2d 175, 177 (9th Cir.1968)). As a private citizen, Plaintiff has no authority to criminally prosecute anyone. Ray, Jr., 2010 WL 3464453 at *1. The complaint is legally frivolous insofar as it attempts to initiate a criminal prosecution of the defendants.

### E. State Law Claims

Under 28 U.S.C. § 1367(a), in any civil action in which the district court has original jurisdiction, the "district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution," except as provided in subsections (b) and (c). The Supreme Court has stated that "if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well." United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966).

Although the Court may exercise supplemental jurisdiction over state law claims, Plaintiff must first have a cognizable claim for relief under federal law. 28 U.S.C. § 1367. As Plaintiff has not stated a cognizable claim for relief under federal law, the Court declines to screen Plaintiff's purported state law claims.

Further, to the extent Plaintiff seeks to bring any state law tort claims against defendants, such as negligence, the Government Claims Act requires exhaustion of those claims with the California Victim Compensation and Government Claims Board. Plaintiff is required to specifically allege compliance in his complaint. Shirk v. Vista Unified Sch. Dist., 42 Cal. 4th 201, 208–09 (Cal. 2007); State v. Superior Court of Kings Cty. (Bodde), 32 Cal. 4th 1234, 1239 (Cal. 2004); Mabe v. San Bernardino Cty. Dep't of Pub. Soc. Servs., 237 F.3d 1101, 1111 (9th Cir. 2001); Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995); Karim–Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 627 (9th Cir. 1988). Plaintiff has failed to allege compliance with the Government Claims Act.

### F. Declaratory Relief

In addition to monetary damages, Plaintiff seeks a declaration that his rights were violated. "A declaratory judgment, like other forms of equitable relief, should be granted only as a matter of judicial discretion, exercised in the public interest." Eccles v. Peoples Bank of Lakewood Village, 333 U.S. 426, 431 (1948). "Declaratory relief should be denied when it will neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford relief from the uncertainty and controversy faced by the parties."

United States v. Washington, 759 F.2d 1353, 1357 (9th Cir. 1985). In the event that this action reaches trial and the jury returns a verdict in favor of Plaintiff, the verdict will be a finding that Plaintiff's constitutional rights were violated. Accordingly, a declaration that any defendant violated Plaintiff's rights is unnecessary.

**IV.  Conclusion and Order**

For the reasons stated, Plaintiff's complaint fails to adequately allege exhaustion of administrative remedies and fails to state a cognizable claim for relief. As Plaintiff is proceeding pro se, the Court will grant Plaintiff an opportunity to amend his complaint to cure the above-identified deficiencies to the extent he is able to do so in good faith. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 678-79, 129 S.Ct. at 1948-49. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his first amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. Lacey v. Maricopa Cty., 693 F.3d 896, 927 (9th Cir. 2012). Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;
2. Within thirty (30) days from the date of service of this order, Plaintiff shall file an amended complaint curing the deficiencies identified by the Court in this order or file a notice of voluntary dismissal; and
3. If Plaintiff fails to file an amended complaint in compliance with this order, the

7

Court will recommend dismissal of this action, with prejudice, for failure to obey a court order and for failure to state a claim.

IT IS SO ORDERED.

    Dated: **January 28, 2020**　　　　　/s/ *Barbara A. McAuliffe*
　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE