# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN DEON TURNER, JR., | Case No. 1:19-cv-01620-DAD-BAM (PC) |
| Plaintiff, | ORDER REGARDING PLAINTIFF'S AFFIDAVITS |
| v. | (ECF Nos. 13, 14) |
| SALORIO, *et al.*, | ORDER DENYING PLAINTIFF'S MOTION FOR SERVICE AND APPEARANCE OF DEFENDANTS AS PREMATURE |
| Defendants. | (ECF No. 12) |

Plaintiff Steven Deon Turner, Jr. ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's first amended complaint and has not yet been screened.

On January 28, 2020, the undersigned issued a screening order granting Plaintiff leave to file an amended complaint. (ECF No. 10.) On February 4, 2020, District Judge Drozd issued a Standing Order in Light of Ongoing Judicial Emergency in the Eastern District of California regarding temporary procedures that will be put in place for the duration of the judicial emergency in this district. (ECF No. 11.) In particular, that order stated that "for the duration of this judicial emergency and absent further order of this court in light of statutory requirements or in response to demonstrated exigent circumstances, no new trial dates will be scheduled in civil cases assigned to "DAD" . . . over which [District Judge Drozd] is presiding." (Id. at 4.)

///

1

On February 24, 2020, Plaintiff filed a first amended complaint. (ECF No. 12.) On April 13 and April 14, 2020, Plaintiff filed two affidavits with the Court. (ECF Nos. 13, 14.) As the second affidavit appears to be a photocopy of the first four pages of the first affidavit, the Court will consider the filings together.

In the affidavits, Plaintiff states that he filed his first amended complaint together with a request to set a hearing date for Defendants to appear before the Court to answer the complaint, or a default judgment would be entered against them. (ECF No. 13, pp. 3–4; ECF No. 14, pp. 3–4.) Plaintiff states that he did not receive a response from the Court, and the date for the appearance of Defendants has passed. (Id.) While Plaintiff appears to raise some generalized objections to the issuance of the screening order and Judge Drozd's Standing Order, Plaintiff does not specifically request any kind of relief in his affidavits.

Upon review of the docket in this matter, it appears that Plaintiff's February 24, 2020 filing was docketed as a first amended complaint because he filed all of his requests together with the first amended complaint and other attachments. (See ECF No. 12.) Plaintiff is advised that in the future, separate documents to be filed with the Court should be clearly labelled so each motion or document will be docketed separately and correctly.

With respect to Plaintiff's specific requests for service of the complaint, appearance of Defendants, and default judgment should they fail to appear or answer the complaint, those requests are premature.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii). The Court will direct the United States Marshal to serve Plaintiff's complaint only after the Court has screened the complaint and determined that it contains a cognizable claim for relief against the named defendants.

///

Plaintiff's first amended complaint was filed February 24, 2020 and is currently in the screening stage. The Court screens complaints in the order in which they are filed and strives to avoid delays whenever possible. However, there are hundreds of prisoner civil rights cases presently pending before the Court, and delays are inevitable. Due to the heavy caseload, Plaintiff's first amended complaint is still awaiting screening. The Court is aware of the pendency of this case and will screen Plaintiff's amended complaint in due course. Until that time, any request for service of the complaint, appearance or answer by any defendant, or entry of default judgment against any defendant, is premature.

Accordingly, Plaintiff's motion for service of the complaint and appearance of Defendants, (ECF No. 12), is HEREBY DENIED as premature.

IT IS SO ORDERED.

Dated: **April 16, 2020**         /s/ *Barbara A. McAuliffe*
                                  UNITED STATES MAGISTRATE JUDGE