# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN DEON TURNER, JR., | Case No. 1:19-cv-01620-DAD-BAM (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION FOR FAILURE TO STATE A COGNIZABLE FEDERAL CLAIM FOR RELIEF |
| v. | |
| R. SALORIO, et al., | (ECF No. 12) |
| Defendants. | **FOURTEEN-DAY DEADLINE** |

Plaintiff Steven Deon Turner, Jr. ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action under 42 U.S.C. § 1983. On January 28, 2020, the Court screened Plaintiff's complaint and granted him leave to amend. (ECF No. 10.) Plaintiff's first amended complaint, filed on February 24, 2020, is currently before the Court for screening.[1] (ECF No. 12.)

**I.     Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a

---

[1] Plaintiff's filing exceeds 70 pages, and his first amended complaint does not begin until page 23 as paginated on the Court's electronic docket. (ECF No. 12.) For purposes of screening, the Court disregards the extraneous material that precedes the allegations of his first amended complaint.

1

governmental entity and/or against an officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss, 572 F.3d at 969.

**II.     Plaintiff's Allegations**

Plaintiff is currently housed at the California Correctional Institution in Tehachapi, California, where the events in the complaint are alleged to have occurred.  Plaintiff names the following defendants in their individual and official capacities: (1) Correctional Officer R. Salorio; and (2) Mail Room Staff E. Atencio.

In Claim I, Plaintiff alleges that on October 13, 2019, he turned in confidential mail addressed to Alex Padilla, Secretary of State, with a proof of service attached in the form of a Form 22.  The Form 22 was signed by Defendant Salorio, confirming that Plaintiff was sending "confidential/legal mail" to Alex Padilla.  Plaintiff explains that the mail addressed to Alex Padilla was a request for the production of documents demanding the official bonds of William Joe Sullivan, A. Gray, R. Martin, M. Munoz, D. Johnson, A. Gomez, C. Butler, J. Busby, S.

Snyder, K. Hosey, and M. Boutte.  On October 23, 2019, Defendant Atencio sent Plaintiff an outgoing legal mail log, with a 22 form attached, showing that Plaintiff's mail addressed to Alex Padilla never left the institution.  Plaintiff claims that Defendant Salorio is guilty of mail theft and mail fraud.   Plaintiff further claims that Defendant Salorio breached his contract/oath by stealing Plaintiff's legal mail addressed to the Secretary of State and should be punished according to 18 U.S.C. §§ 241 and 242.

In Claim II, Plaintiff alleges that on October 17, 2019, Defendant Atencio opened Plaintiff's legal mail outside of Plaintiff's presence.  Plaintiff asserts that the letter came from CAIR Council on American Islamic Relations.  Defendant Atencio cannot explain why he opened Plaintiff's mail outside of Plaintiff's presence because "on the back of the envelope it has 'LEGAL' twice."  (ECF No. 1 at 6.)  Plaintiff claims that Defendant Atencio's actions were not in error because the notice was on the envelope before Defendant Atencio opened it.  Plaintiff claims that Defendant Atencio breached his contract/oath by violation the Bill of Rights and opening Plaintiff's legal mail outside of Plaintiff's presence.

In Claim III, Plaintiff alleges that Defendants Salorio and Atencio are guilty of violating the California Constitution and United States Constitution as applied to the oath of office, the operational manual and the law enforcement code of ethics/peace officer's oath.  Plaintiff further alleges that defendants and the institution have maintained a pattern and a consistent disregard of Plaintiff's right to petition the government for redress of grievances and should be punished according to 18 U.S.C. §§ 241 and 242.

Plaintiff seeks declaratory and injunctive relief, punishment of defendants, and compensatory and punitive damages.

**III.  Discussion**

**A. Outgoing Mail**

Plaintiff appears to allege that Defendant Salorio interfered with his outgoing mail on one occasion. Prison inmates enjoy a First Amendment right to send and receive mail. Witherow v. Paff, 52 F.3d 264, 265 (9th Cir. 1995). However, a temporary delay or isolated incident of mail interference is usually insufficient to establish a constitutional violation. See Crofton v. Roe, 170

F.3d 957, 961 (9th Cir. 1999); Zaiza v. Tamplen, No. 2:15–cv–0447–KJM–EFB P, 2016 WL 2930877, at *4 (E.D. Cal. May 19, 2016) ("An isolated incident of mail interference or tampering is usually insufficient to establish a constitutional violation."). Plaintiff's allegations that Defendant Salorio interfered with Plaintiff's outgoing mail on one occasion are not sufficient to state a cognizable claim.  Plaintiff has been unable to cure this deficiency.

### B.  Legal Mail

Plaintiff alleges that Defendant Atencio opened Plaintiff's legal mail outside of Plaintiff's presence on one occasion. "[P]risoners have a protected First Amendment interest in having properly marked legal mail opened only in their presence." Hayes v. Idaho Corr. Ctr., 849 F.3d 1204, 1211 (9th Cir. 2017) (concluding the protected First Amendment interest extends to civil legal mail). Consistent with the First Amendment, prison officials may (1) require that mail from attorneys be identified as such and (2) open such correspondence in the presence of the prisoner for visual inspection. See Wolff v. McDonnell, 418 U.S. 539, 576–77 (1974).

As with Plaintiff's claim involving Defendant Salorio, Plaintiff has not alleged that the event involving Defendant Atencio was anything more than an isolated incident, which is insufficient to state a constitutional claim.  Further, according exhibits attached to the complaint, the envelope at issue was stamped as "OPENED IN ERROR IN C.C.I. MAILROOM."  (ECF No. 12 at 44.)  An unintentional violation amounts at most to negligence, which does not give rise to constitutional claims under § 1983. Stevenson v. Koskey, 877 F.2d 1435, 1440-41 (9th Cir. 1989); see also Watkins v. Curry, No. C 10-2539 SI (pr), 2011 WL 5079532, at *3 (N.D. Cal. Oct. 25, 2011) ("Absent evidence of a broader plan or course of conduct to censor plaintiff's mail unconstitutionally, an honest error by prison officials does not justify relief under § 1983). Further, it appears that the mail was returned to Plaintiff and it unclear what, if any, harm occurred. Accordingly, Plaintiff fails to state a cognizable claim for relief against Defendant Atencio.  Plaintiff has been unable to cure this deficiency.

### C.  Criminal Prosecution

Plaintiff appears to seek referral of defendants for criminal prosecution for alleged violations of 18 U.S.C. §§ 241 and 242.  However, sections 241 and 242 "do not provide for a

private right of action." Ray, Jr. v. Friedlander, No. C 10-1107 SI (pr), 2010 WL 3464453, at *1 (N.D. Cal. Sept. 1, 2010) (citing Peabody v. United States, 394 F.2d 175, 177 (9th Cir.1968)). As a private citizen, Plaintiff has no authority to criminally prosecute anyone. Ray, Jr., 2010 WL 3464453 at *1. The complaint is legally frivolous insofar as it attempts to initiate a criminal prosecution of the defendants.

### D. State Law Claims

Under 28 U.S.C. § 1367(a), in any civil action in which the district court has original jurisdiction, the "district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution," except as provided in subsections (b) and (c). The Supreme Court has stated that "if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well." United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966).

Although the Court may exercise supplemental jurisdiction over state law claims, Plaintiff must first have a cognizable claim for relief under federal law. 28 U.S.C. § 1367. As Plaintiff has not stated a cognizable claim for relief under federal law, it will be recommended that the Court decline to exercise supplemental jurisdiction over Plaintiff's state law claims and that those claims be dismissed.

### IV. Conclusion and Recommendation

Based on the above, IT IS HEREBY RECOMMENDED as follows:

1. The federal claims in this action be dismissed based on Plaintiff's failure to state a cognizable claim upon which relief may be granted; and

2. The Court decline to exercise supplemental jurisdiction over Plaintiff's purported state law claims.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's

Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **April 24, 2020**                        /s/ Barbara A. McAuliffe
                                                  UNITED STATES MAGISTRATE JUDGE